Donald E. Watnick, Esq.
LAW OFFICES OF DONALD WATNICK
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 213-8668
*Attorneys for Defendant Christina Ray*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMES RAY,<br><br>　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>CHRISTINA RAY,<br>JOHN DOE GUARNERIUS<br>ENTITIES 1-10,<br><br>　　　　　　　Defendants. | Case No. 1:18-cv-07035 (GBD) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S <u>MOTION TO DISMISS COMPLAINT</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS ........................................................................................................................................ 2

STANDARD OF REVIEW ........................................................................................................ 8

ARGUMENT .............................................................................................................................. 9

   I.     COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS AND SERVICE AND THEREFORE LACK OF PERSONAL JURISDICTION ............................... 9

      A.   Complaint Should be Dismissed under Fed. R. Civ. P. 12(b)(2), (4) and (5) Due to Plaintiff's Failure to Obtain Properly Issued Summons ........................................................ 9

      B.   Plaintiff Cannot Demonstrate Entitlement for Leave to Re-Serve ................................ 11

   II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED . 13

      A.   Service Was Not Effected Within Six Months of Previously Dismissed Action ........... 13

      B.   Instant Action Is Not Based on Same Transaction(s) or Occurrence(s) as 2014 Action 14

   III.   COMPLAINT FAILS TO PLEAD LEGALLY VALID FRAUDULENT CONVEYANCE CAUSES OF ACTION AND SHOULD BE DISMISSED ......................... 16

      A.   An Alleged Transferor Such As Christina is Not Liable under NYDCL ...................... 16

      B.   Complaint is Barred by *Res Judicata* Because It Recycles 2014 Complaint ................ 17

      C.   NYDCL §§ 273 and 275 Causes of Action Are Legally Insufficient ........................... 18

         1.   Complaint Does Not Sufficiently Allege Insolvency ................................................. 19

         2.   Complaint Does Not Allege A Transfer for Unfair Consideration ........................... 21

         3.   NYDCL § 275 Cause of Action is Legally Insufficient ............................................ 22

         4.   NYDCL § 276 Cause of Action Is Legally Insufficient ............................................ 23

CONCLUSION .......................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

424 F. Fowler v. City of New York, No. 13-CV 2372, 2015 WL 9462097 (E.D.N.Y. Dec. 23, 2015)...................................................................................................................... 12

Amusement Indus., Inc. v. Midland Ave. Assocs., LLC, 820 F. Supp. 2d 510 (S.D.N.Y. 2011) .............................................................................................................. .16, 21, 23

Ascroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)............................................. 8, 19

Bank of Commc'ns v. Ocean Dev'p Am., Inc., 904 F. Supp. 2d 356 (S.D.N.Y. 2012)............. 21

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)................................. 8, 19

Brenner v. Philips, Appel & Walden, Inc., No. 93 Civ. 7838, 1997 WL 33471053 (S.D.N.Y. July 22, 1997)................................................................................................ 16, 17

Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86, 115 (S.D.N.Y. 2002)................... 23, 24

Cargo Partner AG v. Albatrans Inc., 352 F.3d 41 (2d Cir. 2003)................................................. 23

Cassano v. Altshuler, 186 F. Supp. 3d 318 (S.D.N.Y. 2016) ................................................. 11, 12

City of Almaty v. Ablyazov, 278 F. Supp. 3d 776 (S.D.N.Y. 2017)............................................. 22

Crossen v. Bernstein, No. 91 CIV. 3501, 1994 WL 281881 (S.D.N.Y. June 23, 1994) .............. 10

Drenis v. Haligiannis, 452 F. Supp. 2d 418 (S.D.N.Y. 2006) ................................................. 19, 24

E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503 (S.D.N.Y. 1999)............... 12

Geo-Grp. Commc'ns, Inc. v. Chopra, No. 15 CIV. 1756, 2018 WL 3632498 (S.D.N.Y. July 30, 2018)........................................................................................................ 16

George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428 (S.D.N.Y. 2016) ......................... 12

Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F. Supp. 1348 (S.D.N.Y. 1982)............... 10

Harper v. City of New York, 424 F. App'x 36 (2d Cir. 2011) ................................................. 9, 12

Harris v. Coleman, 863 F. Supp. 2d 336 (S.D.N.Y. 2012) ..................................................... 8, 20

Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010) ..................................................................... 8

Hilaturas Miel, S.L. v. Republic of Iraq, 573 F. Supp. 2d 781 (S.D.N.Y. 2008) ......................... 8

In re Operations NY LLC, 490 B.R. 84 (Bankr. S.D.N.Y. 2013)................................................. 23

In re Sharp Intern. Corp., 403 F.3d 43 (2d Cir. 2005) ......................................................... 23, 24

In re Trinsum Grp., Inc., 460 B.R. 379 (Bankr. S.D.N.Y. 2011).......................................... 19, 20

In re Vivaro Corp., 524 B.R. 536 (Bankr. S.D.N.Y. 2015) ................................................. 19, 20

Jackson v. Odenat, 9 F. Supp. 3d. 342 (S.D.N.Y. 2014) ......................................................... 19

Jonas v. Citibank, N.A., 414 F. Supp. 2d 411 (S.D.N.Y. 2006) ............................................... 11

Kim v. Ji Sung Yoo, 311 F. Supp. 3d 598 (S.D.N.Y. 2018)........................................ 21, 22, 23

Lewis v. FMC Corp., No. 11-CV-877S, 2012 WL 3655327 (W.D.N.Y. Aug. 23, 2012)...... 11, 14

Lian Qing Yu v. 58 Asian Corp., No. 16-cv-7590, 2018 WL 1415214 (S.D.N.Y. Mar. 20, 2018) ........................................................................................................................... 10

McKibben v. Credit Lyonnais, No. 98 CIV. 3358, 1999 WL 604883 (S.D.N.Y. Aug. 10, 1999).. ................................................................................................ 9, 10, 11, 12

Moscati v. Kelly, No. 15-CV-04641, 2016 WL 3034495 (S.D.N.Y. May 26, 2016)............. 13, 14

Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 108 S. Ct. 404 (1987) ................ 10

Osrecovery, Inc. v. One Grp. Int'l, Inc., 234 F.R.D. 59 (S.D.N.Y. 2005)..................................... 12

Prado v. City of New York, No. 12-CV-4239, 2015 WL 5190427 (S.D.N.Y. Sept. 3, 2015) . 8, 10

Roselink Inv'rs, L.L.C. v. Shenkman, 386 F. Supp. 2d 209 (S.D.N.Y. 2004) ............................ 16

Safety-Kleen Systems, Inc. v. Silogram Lubricants, Corp., No. 12-CV-4849, 2013 WL 6795963
    (E.D.N.Y. Dec. 23, 2013)....................................................................................... 16, 21, 22

Vasconcellos v. City of New York, No. 12 CIV. 8445, 2014 WL 4961441 (S.D.N.Y. Oct. 2,
    2014)................................................................................................................................ 14

Voiceone Commc'ns, LLC v. Google Inc., No. 12 CIV. 9433, 2014 WL 10936546 (S.D.N.Y.
    Mar. 31, 2014).................................................................................................................... 9

Williams v. Infra Commerc Anstalt, 131 F. Supp. 2d 451 (S.D.N.Y. 2001)................................ 13

## State Cases

175 E. 74th Corp. v. Hartford Accident & Indem. Co., 51 N.Y.2d 585, 416 N.E.2d 584 (1980) . 18

Andrea v. Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C., 5
    N.Y.3d 514, 840 N.E.2d 565 (2005) ..................................................................................... 13

Caplan v. Winslett, 218 A.D.2d 148, 637 N.Y.S.2d 967 (1st Dep't 1996) ................................... 14

Carven Assocs. v. Am. Home Assur. Corp., 84 N.Y.2d 927, 644 N.E.2d 1368 (1994)............... 14

Fed. Dep. Ins. Corp. v. Porco, 75 N.Y.2d 840, 552 N.E.2d 910 (1990)...................................... 16

Flynn v. Sinclair Oil Corp., 20 A.D.2d 636, 246 N.Y.S.2d 360 (1st Dep't 1964) ....................... 17

Flynn v. Sinclair Oil Corp., 14 N.Y.2d 853, 200 N.E.2d 633 (1964)............................................ 17

Parker v. Mack, 61 N.Y.2d 114, 460 N.E.2d 1316 (1984) ............................................................ 13

Ray v. Ray, 108 A.D.3d 449, 970 N.Y.S.2d 9 (1st Dep't 2013) ......................................... 3, 4, 24

Ray v. Ray, 158 A.D.3d 578, 68 N.Y.S.3d 724 (1st Dep't 2018) ............................................. 3, 5

RTN Networks, LLC v. Telco Grp., Inc., 126 A.D.3d 477, 5 N.Y.S.3d 80 (1st Dep't 2015)....... 21

Staten Island Sav. Bank v. Reddington, 260 A.D.2d 365, 687 N.Y.S.2d 707 (2nd Dep't 1999)…
    .................................................................................................................................... 20, 21

Titus v. Poole, 145 N.Y. 414, 40 N.E. 228 (1895) ...................................................................... 14

Van Dussen-Storto Motor Inn, Inc. v. Rochester Tel. Corp., 63 A.D.2d 244, 407 N.Y.S.2d 287
    (4th Dep't 1978)................................................................................................................ 14

## Federal Statutes

Fed. R. Civ. P. 12(b)(2).................................................................................... 1, 9, 11, 25

Fed. R. Civ. P. 12(b)(4).................................................................................................. passim

Fed. R. Civ. P. 12(b)(5).................................................................................................. passim

Fed. R. Civ. P. 12(b)(6).................................................................................... 1, 8, 25

Fed. R. Civ. P. 4(b) ............................................................................................................... 9

Fed. R. Civ. P. 4(l)(1) ......................................................................................................... 10

Fed. R. Civ. P. 4(l)(3) ......................................................................................................... 10

Fed. R. Civ. P. 4(m) ........................................................................................................... 11

Fed. R. Civ. P. 8 ................................................................................................................... 2

Fed. R. Civ. P. 9(b) ....................................................................................................... 1, 2, 23

## State Statutes

N.Y.C.P.L.R. § 205(a) .................................................................................... 1, 2, 11, 13

N.Y.C.P.L.R. § 213............................................................................................................. 13

N.Y.D.C.L. § 270 ............................................................................................................ 16, 18

N.Y.D.C.L. § 271 ............................................................................................................ 18, 19, 20

N.Y.D.C.L. § 272 ............................................................................................................ 18, 22

N.Y.D.C.L. § 273 ............................................................................................................ passim

N.Y.D.C.L. § 273-a ......................................................................................................... 4

N.Y.D.C.L. § 275 ............................................................................................................ passim

N.Y.D.C.L. § 276 ............................................................................................................ passim

N.Y.D.C.L. § 276-a ......................................................................................................... 4, 5, 25

## PRELIMINARY STATEMENT

Defendant Christina Ray ("Defendant" or "Christina") hereby submits this Memorandum of Law in support of her motion to dismiss the Complaint of Plaintiff Ames Ray ("Plaintiff" or "AR"), pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5) and (6), due to insufficient process and insufficient service of process, and thus lack of personal jurisdiction, and failure to state a valid cause of action.

Coming after two actions alleging like claims that were dismissed by the New York State Supreme Court and Appellate Division, this latest Complaint cures none of the prior defects and is legally ineffective.  Indeed, the grounds for dismissal in Plaintiff's latest lawsuit against his former wife are numerous:  (i) no summons was signed, sealed or issued by the Clerk of the Court (the "Clerk") or served; (ii) the claims are time-barred and not subject to tolling under CPLR § 205(a); and (iii) the alleged fraudulent transfer claims are not properly stated against an alleged transferor, consist of averments that previously were held to be legally ineffective and are far too generalized to state a claim, particularly as to the third cause of action which lacks specificity under Fed. R. Civ. P. 9(b).

First of all, no summons was ever signed, sealed or issued by the Clerk.  The filed summons was rejected and returned for resubmission; Plaintiff did not request a new summons, but purported to serve the rejected summons.  Thus, the Complaint should be dismissed for insufficient process and insufficient service of process and thus lack of personal jurisdiction.

The Complaint also should be dismissed because these newly alleged transfers to a new set of (unnamed) defendants, which allegedly occurred in 2008 and 2009, are time-barred under the six-year statute of limitations.  Inasmuch as these newly alleged transfers do not arise out of the same transaction or set of transactions as the prior dismissed state court action, the tolling

mechanism contained in CPLR § 205(a) is inapplicable – even though the Complaint largely repeats the allegations and operative elements of the claims in Plaintiff's last two fraudulent conveyance actions.

Adding to the grounds for dismissal is that, as a matter of law, the fraudulent conveyance causes of action cannot be asserted against an alleged transferor – in this case, Christina.  All of the claims – even while based on newly alleged transfers – also rely on the same material allegations that the state trial and appellate courts held were legally insufficient.  Plaintiff's attempt to change forums and re-plead them is thereby barred by principles of res judicata.

Further, the Complaint fails to go beyond recital of mere boilerplate that is insufficient under Fed. R. Civ. P. 8, including as to the claims that, at the time of the alleged transfers, Christina was insolvent or believed that she lacked funds to pay debts, or that the transfers to unrelated and unnamed entities lacked fair consideration.  Plaintiff cannot properly rely on the mere existence of a prior lawsuit, in which he claims Christina owes him money to plead these elements, especially when that prior lawsuit was dismissed during most of the period at issue and again dismissed after a 2017 jury trial.  The § 276 claim also fails to plead fraud as required by Fed. R. Civ. P. 9(b).

For all of these reasons, this Court should – for the third time – dismiss Plaintiff's fraudulent conveyance claims against Christina.

## FACTS

The facts set forth herein are based on the Complaint, and exhibits thereto, Declarations of Defendant Christina Ray (the "Ray Decl.") and Donald E. Watnick, Esq. (the "Watnick Decl.") and exhibits thereto.  The Complaint and its exhibits thereto are annexed to the Watnick Decl. as Ex. A (in the form in which they were filed with the Court).

2

This is the fourth time that Plaintiff has filed a lawsuit against Christina – his former wife with whom he cohabitated for years after their divorce – pleading fraudulent conveyance claims under the New York Debtor & Creditor Law ("NYDCL").  The New York Supreme Court and Appellate Division dismissed two prior actions for failure to state a claim.  <u>Ray v. Ray</u>, 158 A.D.3d 578, 68 N.Y.S.3d 724 (1st Dep't 2018) (the "2014 Action"); <u>Ray v. Ray</u>, 108 A.D.3d 449, 970 N.Y.S.2d 9 (1st Dep't 2013) (the "2010 Action").  Plaintiff served a summons with notice for a prior such action, but did not pursue it.  <u>Ray</u>, 108 A.D.2d at 450, 970 N.Y.S.2d at 11.

While the Complaint is based on newly alleged transfers to new but unnamed defendants referred to as the "JDG Entities," the material allegations are largely the same as in the previously dismissed lawsuits.  Once again, Plaintiff alleges that, in 2008, Christina refinanced her apartment (the "Apartment") mortgage and transferred the proceeds, in 2008 to 2009, to avoid alleged debts that Plaintiff – unsuccessfully – sued to recover in still another lawsuit against Christina in New York State Supreme Court, New York County, entitled <u>Ray v. Ray</u>, Index No. 604381/1998 (the "1998 Action").  The 1998 Action was dismissed after a jury trial in July 2017 (Watnick Decl. Ex. A ¶ 6); by order dated October 10, 2018, the Supreme Court sanctioned Plaintiff because the evidence at trial showed that it was frivolous.  (Watnick Decl. Ex. E.)  Previously, in January 2008, the 1998 Action was dismissed on a summary judgment motion; in March 2008, Plaintiff filed an appeal of the dismissal; in April 2009, the Appellate Division reversed the dismissal and reinstated the action.  (Watnick Decl. Ex. A ¶¶ 37-39; <u>see also</u> <u>Ray</u>, 108 A.D.2d at 10-11, 970 N.Y.S.2d at 450.)

The complaint in the 2010 Action (the "2010 Complaint," annexed as Ex. 16 to the Complaint and Ex. B to the Watnick Decl.) alleged that, after the 1998 Action was dismissed in January 2008, Christina mortgaged the Apartment and used the proceeds to pay her attorneys in

the 1998 Action, Dechert and "very likely others" (Watnick Decl. Ex. B ¶ 3), to make herself

insolvent and avoid paying amounts Plaintiff claimed were due in the 1998 Action.  The 2010

Action pleaded a single claim under NYDCL §§ 273-a and 276.  (Id. ¶¶ 24-33.)  In dismissing

the 2010 Action, the Appellate Division held that the statements by Christina – in the same

affidavits referred to in this Complaint – that she would prefer not to be a debtor to AR did not

evidence fraudulent intent due to AR's "'litigious history'" against her.  Ray, 108 A.D.2d at 452,

970 N.Y.S.2d at 12.  The Court also ruled that, although Plaintiff filed a notice of appeal in the

1998 Action, "there was no stay against [Christina] taking the steps that she took" and that

payments to Dechert were not actionable.  Id. at 451-52, 970 N.Y.S.2d at 12.

     In an attempt to cure these defects in the 2010 Action, the complaint in the 2014 Action

(the "2014 Complaint," cited in the Complaint as Ex. 1 and annexed as Ex. C to the Watnick

Decl.)[1] added as a defendant Guarnerius Management, LLC ("GMLLC"), an entity owned by

Christina, but still substantially duplicated the 2010 Complaint.  The 2014 Complaint asserted

three causes of action under NYDCL §§ 273, 276 and 276-a, based on three alleged transfers:  (i)

Christina mortgaging the Apartment on April 21, 2008, (ii) paying Dechert $80,000 on or about

May 6, 2008, and (iii) transferring the remainder of the mortgage proceeds to GMLLC between

April 24, 2008 and October 31, 2009.  (Watnick Decl. Ex. C ¶¶ 1, 6.)  The 2014 Complaint

alleged that Christina was insolvent because, by "encumbering" the Apartment – her only known

"reachable asset with value" – and "dispersing" [sic] the mortgage proceeds, Christina would be

unable to pay the multi-million debt alleged to be due in the 1998 Action.  (Id. ¶ 46).  The 2014

Complaint asserted that these transfers were made without fair consideration because Christina

---

[1] As set forth in the Watnick Decl., while the Complaint cites the 2014 Complaint as its Ex. 1, the 2014 Complaint is not part of the Ex. 1 filed with the Court or any other exhibit to the Complaint that was filed with the Court.  (See Watnick Decl. ¶ 3.)

knew that she owed AR money and hastily made these transfers.  (Id. ¶ 4.)  To plead intent to

defraud, the 2014 Complaint, like the Complaint here, relied on alleged telephone calls between

AR and Christina, in 2006 and 2010, and a March 2011 affidavit that Christina filed in support of

a motion to dismiss the 2010 Action (the "Mar. Aff.").  Plaintiff alleged that, during these calls

and in the Mar. Aff., Christina stated that she would hinder AR from collecting his alleged debt,

did not dispute AR's accusation that she would hide assets from AR (despite no obligation to

share her asset information), was trying to limit her exposure to AR and would prefer to be a

debtor to anyone other than AR.  (Watnick Decl. Ex. C. ¶¶ 48-50.)

    In dismissing the 2014 Complaint, the Appellate Division held that the Complaint "lacks

the factual allegations and evidence required to support the contention that Christina Ray

fraudulently transferred funds to Guarnerious [sic] and Dechert LLP in violation of [NYDCL §

273]."  Ray, 158 A.D.3d at 578, 68 N.Y.S.3d at 725.  In dismissing the § 276 claim, the Court

ruled that "the fraudulent conveyance claims are not pleaded in sufficient detail to satisfy the

heightened particularity requirement of CPLR 3016 [b] (see Ray, 108 AD3d at 451), and plaintiff

did not properly rely on the "badges of fraud to show actual intent to defraud . . ."  158 A.D.3d at

579, 68 N.Y.S.3d at 725 (citation omitted).

    Like the 2014 Complaint, this Complaint asserts causes of action under NYDCL §§ 273,

276 and 276-a, as well as a new claim under § 275.  While the 2014 Complaint alleged that

Christina transferred the proceeds of the mortgage to Dechert and GMLLC (Watnick Decl. Ex. C

¶¶ 8-9), this Complaint alleges that these same proceeds were transferred, during the same

period, to the JDG Entities – which Plaintiff states utilize "Guarnerius" in their names but are not

affiliated with GMLLC or owned by Christina (Watnick Decl. Ex. A ¶¶ 6, 15-16).

Despite the unexplained change in the alleged transferees, Plaintiff's allegations are materially similar to the 2010 and 2014 Actions.  Plaintiff again alleges (id. ¶¶ 19-32) that Christina was insolvent due to mortgaging her only known asset of value – the Apartment – and transferring the proceeds to avoid the 1998 Action claims (id. ¶¶ 42, 57-59) – even though, as the Complaint acknowledges, the 1998 Action was dismissed during a 14-day-long jury trial (id. ¶ 6), and also had been dismissed during 12 of the 18 months during which Plaintiff alleges the transfers occurred.[2]  The Complaint does not link the alleged transfers to any specific dates.  The Complaint lacks any allegations as to Christina's assets, balance sheet or net worth.

The Complaint makes generalized allegations that the transfers were not for fair consideration, based on Christina not having any antecedent debt to the unnamed transferees or receiving anything in return.  (Id. ¶ 54.)  The Complaint claims Christina failed to act "honestly, fairly and openly with her creditor, AR" because she knew she owed AR the monies he was seeking in the 1998 Action, did not tell him about the Apartment mortgage or transfers, and admitted during a 2010 telephone call that she would hide her assets from AR.  (Id. ¶¶ 56-57.)  The Complaint does not explain why Christina had any obligation to disclose such information to AR, particularly when AR did not have in 2010, or any time, a judgment against her.

The Complaint also relies on telephone calls and documents previously cited to support AR's claim of actual intent to defraud under § 276.  AR again recites telephone calls with Christina in 2006 and 2010 – in the midst of the 1998 Action – in which he claims that Christina said she would hide assets and that avoiding paying AR was the only "rational action for her to take."  (Id. ¶¶ 67-68.)  Plaintiff also cites (id. ¶ 68) Christina's February 15, 2011 Affidavit (the "Feb. Aff.") and the Mar. Aff., both filed to support her motion to dismiss the 2010 Complaint,

---

[2] The Complaint alleges transfers from April 2008 to October 2009.  As noted, the 1998 Action was dismissed in January 2008 and reinstated by the Appellate Division in April 2009.  (Watnick Decl. Ex. A ¶¶ 37-39.)

as threatening that AR would never recover money.  (Id. Exs. 17 (Feb. Aff.) and 19 (Mar. Aff.))

In fact, the cited paragraphs of those affidavits contain no such statements.  Paragraph 51 of the

Feb. Aff. refers to a settlement email – also referred to in the 2014 Complaint – in which

Christina stated that she did not have "deep pockets."  (Id. Ex. 17.)  Paragraph 32 of the Mar.

Aff. refers to this same settlement email and states, hypothetically, that while Christina lacks

assets, if she wanted to limit exposure to Plaintiff, filing for bankruptcy would have been more

effective than mortgaging the Apartment.  (Id. Ex. 19.)

On August 6, 2018, Plaintiff filed the Complaint and a request for a summons (the

"Request").  (See Watnick Decl. Ex. F, for a copy of the docket report for the Action.)  On

August 8, 2018, the Clerk returned the Request and stated it was deficient because it "is not

legible" and "[t]he date field contains scribble" and "must be left blank for the clerk to

complete."  (Id.)  The Clerk also directed Plaintiff to re-file the Request and gave directions

about how to do so.  (Id.)  Plaintiff never did so.  (Id.)

Despite the deficient Request and notice to Plaintiff of the deficiencies, in or about

August 2018, Plaintiff purported to serve Christina with copies of a summons that were not

signed, sealed or issued by the Clerk, with accompanying copies of a complaint.  Notably, the

copies of the summons and complaint that were purportedly served on Christina differ from the

summons and Complaint that were filed with the Court.  For starters, the summons that was

purportedly served on Christina includes the wrong Civil Action Number.  (Compare Watnick

Decl. Ex. A, with Ray Decl. Exs. A and B.)  Additionally, the exhibits to the Complaint that

were filed do not correspond to the exhibits attached to the Complaint that Plaintiff purported to

serve, and two of the exhibits to the Complaint that Plaintiff purported to serve contain no file-

stamp of the Court's electronic filing system.  (Watnick Decl. ¶¶ 3-4.)  Despite requesting (ECF

Docket No. 6) and receiving (ECF Docket No. 7) permission to re-file one of the exhibits

attached to the Complaint, it does not appear that Plaintiff has done so.  (Watnick Decl. Ex. F.)

To date, Plaintiff also has not filed proof of service with the Court.  (Id.)

## STANDARD OF REVIEW

A complaint should be dismissed, (a) under Fed. R. Civ. P. 12(b)(4), for insufficient

process when there are "substantive deficiencies in the summons, complaint or accompanying

documentation," Hilaturas Miel, S.L. v. Republic of Iraq, 573 F. Supp. 2d 781, 796 (S.D.N.Y.

2008), and (b) under Fed. R. Civ. P. 12(b)(5), for insufficient service when a plaintiff fails to

satisfy its "burden of establishing that service was sufficient . . . through specific factual

allegations and any supporting materials."  Prado v. City of New York, No. 12-CV-4239, 2015

WL 5190427, at *1 (S.D.N.Y. Sept. 3, 2015) (internal quotations and citations omitted).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court should utilize the

"two-pronged approach" set forth by the U.S. Supreme Court in Ascroft v. Iqbal, 556 U.S. 662,

129 S. Ct. 1937 (2009).  See, e.g., Harris v. Coleman, 863 F. Supp. 2d 336, 340, 341 (S.D.N.Y.

2012).  First, a court "'can choose to begin by identifying pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth.'"  Hayden v. Paterson, 594

F.3d 150, 161 (2d Cir. 2010) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct.

1955 (2007)).  Second, "a court should determine whether the 'well pleaded factual allegations,'

assumed to true, plausibly give rise to an entitlement to relief,'" meaning that they support an

inference that the defendant acted unlawfully.  Id. (citing Iqbal, 550 U.S. at 679, 129 S. Ct. at

1949-50).   Rule 12(b)(6) also applies to a motion to dismiss based on the statute of limitations,

such that a plaintiff bears the burden of "pleading facts sufficient to establish that the statutes of

limitation should be tolled."  See Voiceone Commc'ns, LLC v. Google Inc., No. 12 CIV. 9433,

2014 WL 10936546, at *7 (S.D.N.Y. Mar. 31, 2014) (citations omitted).

<u>**ARGUMENT**</u>

**I.   COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS AND
     SERVICE AND THEREFORE LACK OF PERSONAL JURISDICTION**

The failure to obtain a properly issued summons from the Clerk necessitates dismissal

based on insufficient process pursuant to Fed. R. Civ. P. 12(b)(4) and insufficient service of

process pursuant to Fed. R. Civ. P. 12(b)(5).  These defects also negate personal jurisdiction over

Christina and necessitate dismissal based on Fed. R. Civ. P. 12(b)(2).

   A.  Complaint Should be Dismissed under Fed. R. Civ. P. 12(b)(2), (4) and (5)
       Due to Plaintiff's Failure to Obtain Properly Issued Summons

A complaint should be dismissed for insufficient process and insufficient service of

process where a plaintiff serves a summons that has not been signed and sealed by the Clerk.

Rule 4 establishes that a properly completed and filed summons must be signed and sealed by the

Clerk and then issued "to the plaintiff for service on the defendant."  Fed. R. Civ. P. 4(b); see

also Harper v. City of New York, 424 F. App'x 36, 40 (2d Cir. 2011); McKibben v. Credit

Lyonnais, No. 98 CIV. 3358, 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999).  "This Rule is

comprehensive, and 'a mistake in its use can be fatal,' because a summons which is not signed or

sealed by the clerk of the Court does not confer personal jurisdiction over a defendant."

McKibben, 1999 WL 604883, at *2 (internal citations omitted).

Accordingly, courts in this Circuit have granted motions to dismiss based on insufficient

process where a summons does not bear the signature or seal of the Clerk.  See Harper, 424 F.

App'x at 40 (affirming dismissal where summonses were never issued by Clerk); McKibben,

1999 WL 604883, at *2 (dismissing complaint where, inter alia, summons did not bear signature

or seal of the Clerk).  Similarly, courts have granted motions to dismiss based on insufficient service of process where the summons served neither bears the signature nor seal of the Clerk and was never issued to the plaintiff.  See, e.g., Prado, 2015 WL 5190427, at *2 (dismissing all claims because "Plaintiffs never obtained a proper summons that was 'directed to the defendant,' 'signed by the clerk,' and 'bear[s] the court's seal'").  Where a plaintiff alleges service properly occurred, proof suggesting that it failed to acquire a summons that was signed, sealed and issued by the Clerk will cast "serious doubt as to whether service of process properly occurred."  Lian Qing Yu v. 58 Asian Corp., No. 16-cv-7590, 2018 WL 1415214, at *3 (S.D.N.Y. Mar. 20, 2018).[3]

Compounding such defects is that a failure to obtain and serve proper process precludes personal jurisdiction.  Indeed, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).

The filed pleadings and docket report, along with the summons that Plaintiff purported to serve, establish insufficiency of process and service because the Clerk never issued a summons with its signature or seal, but, instead, rejected the Request as defective and directed Plaintiff to re-file it in accordance with its stated instructions.  (Watnick Decl. Ex. F.)  Plaintiff never re-filed the Request or corrected these deficiencies.  (Id.)  Instead, Plaintiff purported to serve a summons in the same form as the copy of the rejected summons, with no signature or seal of the Clerk.  (Compare Watnick Decl. Ex. D, with Ray Decl. Exs. A and B.)[4]

---

[3] See also Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (quashing service due to service of an unsigned and unsealed summons); Crossen v. Bernstein, No. 91 CIV. 3501, 1994 WL 281881, at *3 (S.D.N.Y. June 23, 1994) ("service of an unsigned and unsealed summons" prompted dismissal).
[4] Rule 4 also establishes that "[u]nless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(l)(1) (emphasis added).  While failure to file proof of service is not necessarily fatal to service, see Fed. R. Civ. P. 4(l)(3), it evidences yet another instance in which Plaintiff has flouted Rule 4.

These defects in process and service necessitate dismissal under Rule 12(b)(4) and (5), and, therefore, under Rule 12(b)(2) for lack of personal jurisdiction.

B. <u>Plaintiff Cannot Demonstrate Entitlement for Leave to Re-Serve</u>

Leave to re-serve may only be granted upon a showing of good cause or within the court's discretion.  <u>See</u> Fed. R. Civ. P. 4(m) (court may extend time to serve if plaintiff demonstrates good cause); <u>see also</u> <u>Cassano v. Altshuler</u>, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016).  For good cause, the relevant inquiry is whether "'service could not be made due to exceptional circumstances beyond [plaintiff's] control.'"  <u>Cassano</u>, 186 F. Supp. 3d at 322 (citation omitted).  Neither "a mistaken belief that service was proper" nor "neglect and inadvertence" constitute good cause.  <u>Jonas v. Citibank, N.A.</u>, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006); <u>see also</u> <u>McKibben</u>, 1999 WL 604883, at *3 ("[W]here it is apparent that an attorney's ignorance, inadvertence, or 'misplaced reliance' promulgated the failure to serve process, courts have shown no leniency.").  Good cause also is determined by "the length of time it has taken to effect proper service after receipt of notice of the defect," as well as "plaintiff's failure to seek an extension of time."  <u>Jonas</u>, 414 F. Supp. 2d at 416.

Plaintiff cannot demonstrate good cause.  Plaintiff's failure to serve Christina with a summons that was signed, sealed and issued by the Clerk is the epitome of neglect and inadvertence, especially in light of notifications to Plaintiff, prior to any attempted service, as to the defective summons.  (<u>See</u> Watnick Decl. Ex. F.)  Assuming <u>arguendo</u> that CPLR § 205(a) is applicable, Plaintiff waited until the end of the six-month period thereunder to file this Action and attempt to serve Christina.  <u>Cf.</u> <u>Lewis v. FMC Corp.</u>, No. 11-CV-877S, 2012 WL 3655327, at *5 (W.D.N.Y. Aug. 23, 2012) (dismissing complaint with prejudice "because the ineffective service occurred on the last day" of the six-month period under CPLR § 205(a)).

Absent good cause, a court may still, within its discretion, grant leave to re-serve, by balancing the prejudice between the parties and finding that the following factors weigh in favor of an extension:  whether (1) defendant would suffer prejudice from an extension; (2) defendant concealed the service defect; (3) defendant received actual notice of the claims against it; and (4) the re-filed action would be barred by the statute of limitations.  See Harper, 424 F. App'x at 39; Osrecovery, Inc. v. One Grp. Int'l, Inc., 234 F.R.D. 59, 62 (S.D.N.Y. 2005) (listing factors).  No one of these factors is dispositive.  Cassano, 186 F. Supp. 3d at 323.

These factors do not support leave to re-serve.  Christina did not conceal the service defect and would be prejudiced by losing the statutory protection of the statute of limitations. See George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 437 (S.D.N.Y. 2016) ("[E]xtending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants").  Moreover, Plaintiff, who had six months to effect service, was put on notice of defects in process and took no curative action.  Nor should untimely service be permitted due to the expiration of the statute of limitations or Christina receiving actual notice.  See E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999); see also McKibben, 1999 WL 604883, at *3 ("It is an established concept of law that actual notice is not curative of faulty service of process.").  Also relevant is Plaintiff's disregard for basic procedural rules, including not serving a properly issued summons or filing a proof of service.  See Harper, 424 App'x at 40; 424 F. Fowler v. City of New York, No. 13-CV 2372, 2015 WL 9462097, at *7 (E.D.N.Y. Dec. 23, 2015).

In view of the foregoing, there is no "good cause" to allow Plaintiff to re-serve, and the Court should not exercise discretion to allow Plaintiff to re-serve.

**II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED**

New York law permits a plaintiff to institute "a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been commenced at the time of commencement of the prior action and that service upon defendant is effected within such six months." N.Y.C.P.L.R. § 205(a). See Moscati v. Kelly, No. 15-CV-04641, 2016 WL 3034495, at *7 (S.D.N.Y. May 26, 2016). However, a plaintiff can only take advantage of CPLR § 205(a) if the new action is (i) commenced and served within six months and (ii) based on the same transaction or occurrence or series of transactions and occurrences as the prior action. Cf. Parker v. Mack, 61 N.Y.2d 114, 117-18, 460 N.E.2d 1316, 1317 (1984). Here, Plaintiff's claims are time-bared if the limitations period is not tolled by CPLR § 205(a) because the alleged transfers occurred in 2008 and 2009 and the applicable statute of limitations is six years. Williams v. Infra Commerc Anstalt, 131 F. Supp. 2d 451, 455-56 (S.D.N.Y. 2001) (citing CPLR § 213).

A.    Service Was Not Effected Within Six Months of Previously Dismissed Action

As the 2014 Action was terminated on February 22, 2018, when the First Department affirmed dismissal of the 2014 Complaint (Watnick Decl. Ex. A ¶ 1), to invoke the savings provision, Plaintiff was required to both commence this action and serve Christina with process by August 22, 2018, which is six months from the date of termination. See N.Y.C.P.L.R. § 205(a); Andrea v. Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C., 5 N.Y.3d 514, 520, 840 N.E.2d 565, 567 (2005). For the reasons set forth in Point I, because both process and service were insufficient, Plaintiff failed to serve Christina within six months; thus, Plaintiff's claims should not be tolled under CPLR § 205(a). See

13

<u>Moscati</u>, 2016 WL 3034495, at *7 (dismissing claims for failure to serve within six months); <u>Lewis</u>, 2012 WL 3655327 (same).

    B.   <u>Instant Action Is Not Based on Same Transaction(s) or Occurrence(s) as 2014 Action</u>

In determining whether a new action is based on the same transaction(s) or occurrence(s) as the prior action, courts consider whether both actions involve different defendants and different claims.  <u>See</u> <u>Vasconcellos v. City of New York</u>, No. 12 CIV. 8445, 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014) ("New York courts have held . . . that a plaintiff may not add a new defendant . . . unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'") (emphasis in original) (citations omitted); <u>cf.</u> <u>Carven Assocs. v. Am. Home Assur. Corp.</u>, 84 N.Y.2d 927, 930, 644 N.E.2d 1368, 1369 (1994) (recognizing CPLR § 205(a) may apply when "a prior action . . . is based upon the same events as the present action").

To determine whether both actions involve different defendants and different claims, courts examine the complaints in the respective actions.  <u>See</u> <u>Caplan v. Winslett</u>, 218 A.D.2d 148, 154, 637 N.Y.S.2d 967, 971 (1st Dep't 1996) ("The connection between the allegation against defendant [in the prior action] and the causes asserted against defendant [in the new action] is too tenuous to be considered emanating from 'the same transaction or occurrence'"); <u>Van Dussen-Storto Motor Inn, Inc. v. Rochester Tel. Corp.</u>, 63 A.D.2d 244, 251, 407 N.Y.S.2d 287, 292 (4th Dep't 1978) ("Although the allegations in this cause of action are largely identical to those contained in the . . . the first lawsuit," CPLR § 205(a) does not apply because it "is not based on the same 'transaction or occurrence' or the same 'operative facts' as the first lawsuit") (citing <u>Titus v. Poole</u>, 145 N.Y. 414, 423, 40 N.E. 228, 230 (1895)).

Under the guise of curing pleading defects in the 2014 Complaint, Plaintiff filed this new Complaint based on newly alleged transfers to new unidentified defendants.  In doing so, Plaintiff does not – as he claims – correct prior pleading deficiencies but pleads new claims. Plaintiff admits these actions are not based on the same transaction(s) or occurrence(s), by asserting "three new areas alleged in this complaint that were <u>not</u> alleged in the earlier complaint" (Watnick Decl. Ex. A ¶ 8, emphasis added), and there is no connection between the alleged defendants/transferees in these two actions – GMLLC in the 2014 Action and the JDG Entities here, which are "structures controlled by third parties, companies for which [Christina] worked and did not own."  (<u>Id.</u>)  As Plaintiff acknowledges, the mere fact that these entities may share the name "Guarnerius" does not make them the same.  (<u>Id.</u> ¶ 16.)

The alleged fraudulent transfers in this action also admittedly differ from those in the 2014 Action.  The 2014 Complaint states that Christina made three fraudulent transfers, which "occurred (1) when Chris mortgaged her apartment on April 21, 2008; (2) when she paid Dechert $80,000 for the express purpose of hindering payment of her debts to Ames; and (3) when Chris transferred the remainder of her mortgage proceeds to her company, [GMLLC]" (<u>id.</u> ¶ 6; <u>see also</u> <u>id.</u> ¶¶ 8 and 57).  This latest Complaint disclaims reliance on any of these alleged transfers, and, instead, alleges a new set of non-specific transfers to unnamed JDG Entities.

With new transferees and newly alleged transfers, Plaintiff seeks to allege a new set of claims that does not arise out of the same transaction or series of transactions as the 2014 Action, and, therefore, does not qualify under the savings provision of CPLR § 205(a).

15

**III.   COMPLAINT FAILS TO PLEAD LEGALLY VALID FRAUDULENT CONVEYANCE CAUSES OF ACTION AND SHOULD BE DISMISSED**

   A.   An Alleged Transferor Such As Christina is Not Liable under NYDCL

   It is settled law that liability for money damages for a fraudulent conveyance under NYDCL §§ 270-276 may not be imposed on the transferor of funds.  Indeed, this Court has ruled that "the transferor of the property—that is, the debtor—is not the proper defendant in a fraudulent conveyance claim."  Amusement Indus., Inc. v. Midland Ave. Assocs., LLC, 820 F. Supp. 2d 510, 528 (S.D.N.Y. 2011) (citing e.g., Brenner v. Philips, Appel & Walden, Inc., No. 93 Civ. 7838, 1997 WL 33471053, at *5 (S.D.N.Y. July 22, 1997)).  Indeed, liability under NYDCL may only be imposed on a party "who assisted in the fraudulent conveyance where the defendant was itself a transferee of the assets or a beneficiary of the conveyance."  Id. at 533; see Roselink Inv'rs, L.L.C. v. Shenkman, 386 F. Supp. 2d 209, 226 (S.D.N.Y. 2004); see also Safety-Kleen Systems, Inc. v. Silogram Lubricants, Corp., No. 12-CV-4849, 2013 WL 6795963, at *9 n. 9  (E.D.N.Y. Dec. 23, 2013); Fed. Dep. Ins. Corp. v. Porco, 75 N.Y.2d 840, 842, 552 N.E.2d 910, 911 (1990).

   "That said, there is no liability for aiding and abetting a fraudulent conveyance, nor is there constructive fraud liability for a transferor of funds."  Geo-Grp. Commc'ns, Inc. v. Chopra, No. 15 CIV. 1756, 2018 WL 3632498, at *8 (S.D.N.Y. July 30, 2018).  Moreover, the remedy in a NYDCL action for money damages is the property improperly transferred, of which the transferor lacks possession.  Amusement Indus., Inc., LLC, 820 F. Supp. 2d at 528.

   Here, the Complaint plainly alleges that Christina was the transferor of funds to unnamed entities.  The Complaint does not allege that Christina was a transferee or beneficiary because it pleads that transfers were made to unnamed parties that Christina did not own.  As such, Christina is not a proper defendant and the NYDCL provides no remedy against her because she

16

does not possess allegedly transferred property.  <u>Brenner</u>, 1997 WL 33471053, at * 5 (fraudulent conveyance claim "does not lie against a party who is neither a transferee nor beneficiary of an allegedly fraudulent conveyance").  For these reasons alone, the Complaint fails to state a legally valid claim against Christina and should be dismissed.

B.  <u>Complaint is Barred by <i>Res Judicata</i> Because It Recycles 2014 Complaint</u>

A complaint is barred by <u>res judicata</u> when a plaintiff repeats the same allegations that have been dismissed for failing to state a claim.  <u>See, e.g.</u>, <u>Flynn v. Sinclair Oil Corp.</u>, 20 A.D.2d 636, 637, 246 N.Y.S.2d 360, 361 (1st Dep't) (<u>res judicata</u> precludes a complaint that "is virtually identical to one previously dismissed for failure to state a cause of action."), <u>aff'd</u>, 14 N.Y.2d 853, 200 N.E.2d 633 (1964).  Here, while Plaintiff pleads claims based on transfers to new (unnamed) entities, the Complaint largely repeats the same material facts that were dismissed for failing to state a valid claim.  Plaintiff relies on the same conclusory averments that he is unaware of Christina having assets of value beyond the Apartment and that she mortgaged it and transferred the proceeds to become insolvent and avoid his claims in the 1998 Action.  (<u>Compare</u> Watnick Decl. Ex. A ¶ 6, <u>with</u> Watnick Decl. Ex. C ¶¶ 6-8.)  No new factual detail is provided.

For his § 273 cause of action, Plaintiff relies on the same allegations for the necessary elements of insolvency and lack of fair consideration (see Point C, <u>infra</u>) that he pleaded in the 2014 Action.  Both Complaints allege that Christina was insolvent because, in the face of the claims alleged in the 1998 Action[5], she mortgaged the Apartment – her only known asset of value – and transferred the proceeds to make herself insolvent.  (<u>Compare</u> Watnick Decl. Ex. A ¶¶ 6, 57, 59, 75, 77, <u>with</u> Watnick Decl. Ex. C ¶¶ 8, 44-46, 63.)   Likewise, both Complaints

---

[5] Both Complaints extensively recite the (now dismissed) claims in the 1998 Action (<u>compare</u> Watnick Decl. Ex. A ¶¶ 20-34, <u>with</u> Watnick Decl. Ex. C ¶¶ 23-31), without pleading any facts that would show these disputed debts were probable.

allege that Christina lacked good faith because she made transfers without telling Plaintiff – despite no obligation to do so – and to avoid paying him money alleged to be owed in the 1998 Action.  (<u>Compare</u> Watnick Decl. Ex. A ¶¶ 56-57, 77, <u>with</u> Watnick Decl. Ex. C ¶¶ 48-49, 53, 47.)  Yet, there are no new facts pleaded to supplant Plaintiff's claims of insolvency and lack of fair consideration that were dismissed in the 2014 Action.

As the Appellate Division ruled that these allegations were insufficient to state a § 273 cause of action in the 2014 Action, these rulings are entitled to <u>res judicata</u> effect in this Action, and, accordingly, Plaintiff's § 273 cause of action should be dismissed.  <u>175 E. 74th Corp. v. Hartford Accident & Indem. Co.</u>, 51 N.Y.2d 585, 590 n.1, 416 N.E.2d 584, 586 n.1 (1980) (decision has preclusive effect "as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint").

Additionally, Plaintiff's § 276 claim should be precluded because Plaintiff pleads fraudulent intent based on exactly the same communications that the 2014 Complaint alleged as the basis for fraudulent intent.  (<u>Compare</u> Watnick Decl. Ex. A ¶ 68, <u>with</u> Watnick Decl. Ex. C ¶¶ 47-51.)  As these allegations as to telephone conversations and Christina's affidavits in the 2010 Action were insufficient to state a legally valid § 276 claim in the 2014 Action and 2010 Action, Plaintiff should be precluded from relying on these same allegations to state a § 276 claim now.

C.  <u>NYDCL §§ 273 and 275 Causes of Action Are Legally Insufficient</u>[6]

To plead legally valid claims under NYDCL §§ 273 and 275, Plaintiff must allege that Christina made a transfer without receiving fair consideration and (i) for § 273, while Christina was insolvent or that the transfer rendered her insolvent or (ii) for § 275, while Christina

---

[6] The stated claims under NYDCL §§ 270, 271 and 272 (First and Second Causes of Action) are invalid as these are merely definitional statutes, which define "creditor" (§ 270), "insolvency" (§ 271) and "fair consideration" (§ 272).

intended or believed that she would incur debts beyond her ability to pay when the debts

matured.  Jackson v. Odenat, 9 F. Supp. 3d. 342, 365 (S.D.N.Y. 2014); Drenis v. Haligiannis,

452 F. Supp. 2d 418, 428 (S.D.N.Y. 2006).  As an initial matter, the fraudulent conveyance

claims here cannot meet the "plausibility" requirements of Iqbal and Twombly because there are

no facts explaining why Plaintiff now claims that the same funds he previously claimed were

transferred to GMLLC were transferred to the JDG Entities.  Similarly, the Complaint repeatedly

consists of "'labels and conclusions'" without any details, which fails to state a valid cause of

action.  In re Vivaro Corp., 524 B.R. 536, 547 (Bankr. S.D.N.Y. 2015) (quoting Twombly, 550

U.S. at 555, 127 S. Ct. at 1955.)

   1.  Complaint Does Not Sufficiently Allege Insolvency

        The definition of insolvency for NYDCL § 273 is contained in NYDCL § 271, which

states: "[a] person is insolvent when the present fair salable value of his assets is less than the

amount that will be required to pay his probable liability on his existing debts as they become

absolute and matured."  See, e.g., In re Trinsum Grp., Inc., 460 B.R. 379, 392 (Bankr. S.D.N.Y.

2011).  To properly allege insolvency, a complaint must detail how a party's liabilities exceed its

assets.  See In re Vivaro Corp., 524 B.R. at 551 ("[T]he court looks for 'some sort of 'balance

sheet' test or information provided that the court can use to infer that the [party]'s liabilities

exceeded their assets at the time the transfers took place," as well as "information as to the level

of liquidity of the transferor's assets") (citation omitted).

        Mere assertions of insolvency do not suffice.  In re Trinsium Group, 460 B.R. at 392-

93, the Court held that allegations that revenue had declined, debt levels rose by specific

percentages and there were other unsecured creditors were insufficient because such allegations

did not rule out the possibility that the debtors had reserves such that they were not insolvent or

rendered insolvent.  Further, the Court said that even "[ne]t income figures and net cash flow figures are insufficient to support the element of insolvency."  Id. at 394.

The Complaint lacks any allegations as to Christina's insolvency aside from statements that the alleged transfers "rendered CR insolvent as defined by NYDCL § 271" (Watnick Decl. Ex. A ¶ 75), which is the precise type of "threadbare" recital of the elements of a claim that is ineffective.  Harris, 863 F. Supp. 2d at 340-41.   There are no allegations about Christina's assets, liquidity or any balance sheet.  Cf. In re Vivaro Corp., 524 B.R. at 550 (insolvency adequately alleged where based on specific facts).  Plaintiff's claims that Christina owes him money do not, by themselves, establish that she does not have assets that are equal to or greater than such alleged claims.  Plaintiff's failure to plead any specific dates on which transfers occurred also renders his claims of insolvency ineffective because "[t]he operative point for determining insolvency is the time at which the transfer took place. . ."  In re Trimsum Group, Inc., 460 B.R. at 392.  Without any dates as to the alleged transfers, or information as to her assets and liabilities on those dates, the Complaint fails to plead insolvency on the dates of such transfers.

Even more fatal to Plaintiff's attempt to allege insolvency is that the mere presence of a contingent debt, without more, is insufficient to support a finding of "'a probable liability'" upon which to allege insolvency under NYDCL § 271.  Staten Island Sav. Bank v. Reddington, 260 A.D.2d 365, 366, 687 N.Y.S.2d 707, 709 (2nd Dep't 1999).  Here, Plaintiff's relies on conclusory claims that the debts were probable based on his disputed claims in the 1998 Action.  Putting aside that these claims were dismissed in 2017, such debts could not be considered probable because the 1998 Action was dismissed during most of the April 2008 to October 2009 period when the alleged transfers occurred.  The mere fact that the 1998 Action was reinstated in April

2009 did not make the alleged liabilities probable, and the Complaint does not allege any specific transfer after the Appellate Division reinstated the 1998 Action in April 2009.  Id. (probable liability requires "some evidence" of probability); accord Kim v. Ji Sung Yoo, 311 F. Supp. 3d 598, 616 (S.D.N.Y. 2018).  Thus, Plaintiff has failed to allege that these debts were probable.[7]

    2.   Complaint Does Not Allege A Transfer for Unfair Consideration

To satisfy the requirement of alleging a transfer for unfair consideration, a complaint must allege that there was a lack of equivalent value for the transfer or that the exchange was not made in good faith.  Bank of Commc'ns v. Ocean Dev'p Am., Inc., 904 F. Supp. 2d 356, 360 (S.D.N.Y. 2012).  To allege a lack of good faith, one of the following factors must be lacking: "(1) an honest belief in the propriety of the activities in question; (2) no intent to take unconscionable advantage of others; and (3) no intent to, or knowledge of the fact that the activities in question will hinder, delay, or defraud others."  Amusement Indus., Inc., 820 F. Supp. 2d at 527.  Importantly, these allegations must go beyond generalized claims that merely aver the nonexistence of fair value or good faith.  Id. at 528 (rejecting claims of lack consideration that were "without elaboration" and consisted of "a swirl of allegations" of improper acts); Safety-Kleen Systems, Inc., 2013 WL 6795963, at *8 (conclusory allegations of lack of fair consideration are insufficient to survive a motion to dismiss); RTN Networks, LLC v. Telco Grp., Inc., 126 A.D.3d 477, 478, 5 N.Y.S.3d 80, 81 (1st Dep't 2015) ("Plaintiff's 'mere belief' that [debtor] transferred its assets without fair consideration is insufficient" to state a claim under NYDCL §§ 273, 274 or 275).

---

[7] Nor can Plaintiff rely on a presumption of insolvency based on alleging a transfer that lacked fair consideration (Watnick Decl. Ex. A ¶ 59) because, as set forth in Point 2 below, the Complaint fails to allege lack of fair consideration.

The Complaint here is based on generalized claims as to lack of fair value and good faith, which boil down to nothing more than allegations about Plaintiff's mere beliefs.  The Complaint relies on Christina not disclosing transfers or financial information to Plaintiff as a lack of honest dealing, but Christina had no obligation to provide Plaintiff with any such information, especially in the midst of the hotly litigated 1998 Action.  Equally defective are Plaintiff's allegations of lack of fair value (Watnick Decl. Ex. A ¶ 74):  they consist of blanket statements that Christina made payments to entities she did not work for or owed no antecedent debt to.  Yet, there are no pleaded facts as to why Christina would have then made such transfers, which are required to make such pleadings plausible.  Plaintiff's attempt to fill this omission with claims that Christina was trying to avoid debts owed to him is circular:  if a plaintiff could allege a failure to deal honesty based on the existence of an alleged debt, the requirements in NYDCL § 272 for alleging a lack of consideration would be meaningless.  See Safety-Kleen Systems, Inc., 2013 WL 6795963, at * 9 (allegations of unfair consideration are ineffective where the Complaint does not allege "with any degree of specificity when the transfers occurred . . . or the basis upon which plaintiff believes that the transfers were made without consideration.")

Thus, Plaintiff fails to allege unfair consideration, which defeats his claim under §§ 273 and 275.

3.  NYDCL § 275 Cause of Action is Legally Insufficient

As noted, to state a Section 275 cause of action requires allegations that defendant made a transfer without fair consideration, and that "'[d]efendant intended or believed it would incur debts beyond its ability to pay when the debts matured.'"  Kim, 311 F. Supp. 3d at 612 (citing City of Almaty v. Ablyazov, 278 F. Supp. 3d 776, 798 (S.D.N.Y. 2017)).  Importantly, a "subjective" standard is applied to § 275:  the transferor, in this case Christina, must have

"subjectively" believed that she would incur debts that she could not pay.  Kim, 311 F. Supp. 3d at 618; In re Operations NY LLC, 490 B.R. 84, 98-99 (Bankr. S.D.N.Y. 2013).

Here, Plaintiff's § 275 claim is ineffective because, in addition to failing to plead a lack of fair consideration, the allegations that the transfers would leave Christina without funds are conclusory and devoid of support.  There are no plausible allegations that Christina subjectively believed she would incur debts beyond her ability to pay, based solely on the mere existence of the alleged claims in the 1998 Action.  In order for Christina to have subjectively believed she could not have paid her debts would have required her acknowledgement of the validity of the 1998 Action claims.  Quite the contrary, Christina disputed these claims, was defending the 1998 Action and ultimately prevailed at trial.  Further, Plaintiff's § 275 claim is contradicted by the Complaint, which says that the Apartment was her only known – not her only – asset (id. ¶¶ 62, 69).  Such recognition that Christina may have had other assets means the mortgage of the Apartment did not necessarily leave her without other assets.  Consequently, the Complaint fails to allege that Christina believed the alleged transfers would leave her without other assets to pay her alleged debts, and the § 275 claim should be dismissed.

4.   NYDCL § 276 Cause of Action Is Legally Insufficient

To state a claim under § 276, a creditor must allege an "actual intent to hinder, delay or defraud,'" and must make such allegations with specificity as required by Fed. R. Civ. P. 9(b).  In re Sharp Intern. Corp., 403 F.3d 43, 56 (2d Cir. 2005); Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86, 115 (S.D.N.Y. 2002), aff'd, 352 F.3d 41 (2d Cir. 2003).  Rule 9(b) requires specificity as to the "timing and frequency" of the alleged conveyances.  Amusement Indus., Inc., 820 F. Supp. 2d at 531 (citation omitted).  A plaintiff is allowed to rely on "badges of fraud" to support a claim of fraudulent intent by alleging circumstances commonly associated

with fraudulent intent, such as a transfer to a close or related party, a questionable transfer not in

the usual course of business, inadequacy of consideration or the retention of control of the

transferred property by the transferor after the transfer.  In re Sharp Intern. Corp., 403 F.3d at 56;

see also Drenis, 452 F. Supp. 2d at 429.

 The Complaint lacks any allegations as to the timing and frequency of alleged transfers,

but, instead, claims they occurred between April 2008 and October 2009 (Watnick Decl. Ex. A ¶

6), without any basis for such claims.  The Complaint also fails to plead scienter.  In fact, the

Complaint acknowledges that the unnamed transferees were not related to Christina and that she

did not retain control of the allegedly transferred funds.  Nor are there any facts alleged that

would show that the alleged transfers were outside the ordinary course of business, and, as set

forth in Point II,C,2, the Complaint fails to allege an inadequacy of consideration.

 Instead, Plaintiff seeks to support an inference of fraudulent intent based on allegations of

the timing of the transfers (Watnick Decl. Ex. A ¶ 69).  However, the First Department

previously held, in the 2010 Action, that allegations that the timing of Christina's transfers were

"suspect" did not support a cause of action for actual intent to defraud.  Ray, 108 A.D.3d at 452,

970 N.Y.S.2d at 12.  Similarly, Plaintiff's bald allegations that Christina said in telephone

conversations, in 2006 and 2010, that she would avoid paying him cannot be fraudulent because

they were made while Christina was defending the 1998 Action, and lack detail as to the

conversations and why they were fraudulent.  See Cargo Partner AG, 207 F. Supp. 2d at 116

(conclusory allegations of scienter, if not supported by facts giving rise to fraudulent intent, fail

to plead a § 276 claim).  Likewise, Plaintiff's reliance on two affidavits filed in the 2010 Action

do not support fraudulent intent because he misstates the content and context of both of them.

The Feb. Aff. recounts an email about settlement, which Plaintiff (improperly) put before the

Court in the 2010 and 2014 Actions; even if it states that Christina would be financially unable to pay a judgment in the 1998 Action, that does not mean that she was trying to hide any assets. (See Watnick Decl. Ex. A ¶ 68.)  The Mar. Aff. does not state that Christina never intended to pay Plaintiff, but that she could have filed for bankruptcy if she wanted to limit her exposure to Plaintiff.  (Id. Ex. A, Ex. 19, ¶ 68.)  Importantly, these affidavits were not hidden but publicly filed to rebut claims by Plaintiff in the context of a contested litigation.  In other words, Christina's making these statements in public filings contradicts any inference of an intent to defraud, especially when these Affidavits were filed after the alleged transfers occurred.[8]

## **CONCLUSION**

For the reasons set forth above, Defendant Christina Ray's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5) and (6) should be granted in its entirety, and the Court should award such other relief it deems just and equitable.

New York, New York
October 26, 2018

LAW OFFICES OF DONALD WATNICK
By:  /s/ Donald E. Watnick
        Donald E. Watnick
200 West 41st Street, 17th Floor
New York, NY  10036
(212) 213-6886
dwatnick@watnicklaw.com
*Attorneys for Defendant Christina Ray*

---

[8] Where, as here, Plaintiff's claim under § 276 is dismissed, a claim under § 276-a also is legally invalid. N.Y.D.C.L. § 276-a.  Thus, Plaintiff's Fourth Cause of Action should be dismissed.