Donald E. Watnick, Esq.
LAW OFFICES OF DONALD WATNICK
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 213-8668
*Attorneys for Defendant Christina Ray*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMES RAY,<br><br>      Plaintiff,<br><br>  -against-<br><br>CHRISTINA RAY,<br>JOHN DOE GUARNERIUS<br>ENTITIES 1-10,<br><br>      Defendants. | Case No. 1:18-cv-07035 (GBD) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CHRISTINA
RAY'S MOTION TO DISMISS COMPLAINT AND
<u>IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO RE-SERVE</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT........................................................................................................1

ARGUMENT.....................................................................................................................................2

    I.    AR PRESENTS NO GROUND TO AVOID DISMISSAL DUE TO INSUFFICIENT SERVICE AND PROCESS AND LACK OF PERSONAL JURISDICTION AND THE CROSS-MOTION FOR LEAVE TO RE-SERVE SHOULD BE DENIED ......................................................................................2

        A.    Service of Unsealed and Unsigned Summons Necessitates Dismissal of the Complaint ............2

    II.    THE COMPLAINT IS TIME-BARRED AND SUBJECT TO DISMISSAL AND ........................6

CPLR § 205 DOES NOT REVIVE AR'S CLAIMS .........................................................................6

        A.    AR Failed to Allege Claims Pursuant to Requirements in CPLR § 205(a) .................6

        B.    Fed. R. Civ. P. 15 is Not Applicable ..........................................................................7

    III.    AR FAILS TO REBUT THAT THE COMPLAINT FAILS TO PLEAD ANY .........................8

LEGALLY VALID FRAUDULENT CONVEYANCE CLAIM .......................................................8

        A.    AR Fails to Avoid the Preclusive Effect of Prior Dismissals .....................................8

        B.    AR Presents No Legal Basis for Claims Against a Transferor Such as CR.................9

        C.    Plaintiff Fails to Rebut that the Complaint States No Legally Valid NYDCL Claim.................10

        1.    Constructive Fraudulent Conveyance Claims are Insufficiently Pleaded...................10

        2.    NYDCL § 276 Claim is Insufficiently Pleaded .........................................................12

CONCLUSION................................................................................................................................15

# **TABLE OF AUTHORITIES**

FEDERAL CASES

AICPA v. Affinity Card, 8 F. Supp. 2d 372 (S.D.N.Y. 1998). ............................................. 6
Ali v. Mukasey, 529 F.3d 478 (2d Cir. 2008) ....................................................................... 9
Ashcroft v. Iqbal, 556 U.S. 662 (2009). ........................................................................... 2, 11
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); ........................................................... 2, 11
Buran v. Coupal, 87 N.Y.2d 173, 661 N.E.2d 978 (1995) ..................................................... 7
Cadle Co. v. Newhouse, No. 01 Civ. 1777 (DC), 2002 WL 1888716 (S.D.N.Y. Aug. 16, 2002) 10
Cameron v. Church, 253 F. Supp. 2d 611 (S.D.N.Y 2003) .................................................... 8
Cassano v. Altshuler, 186 F. Supp. 3d 318 (S.D.N.Y. 2016) ............................................. 3, 5
Chen v. New Trend Apparel, Inc., 8 F. Supp. 3d 406 (S.D.N.Y. 2014 .................................. 11
Coveal v. Consumer Home Mortgage, Inc., No. 04-CV-4755 (ILG), 2005 WL 2708388
    (E.D.N.Y. Oct. 21, 2005). ................................................................................................ 9
DeLuca v. Access IT Group, Inc., 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................. 3
Durant v. Traditional Investments, Ltd., No. 88 CIV. 9048 (PKL), 1990 WL 33611 (S.D.N.Y.
    March 22, 1990) ............................................................................................................... 3
Fundacion Presidente Allende v. Banco de Chile, No. 05 CV 9771 (GBD), 2006 WL 2796793
    (S.D.N.Y. May 29, 2006) .............................................................................................. 10
Gelb v. FRB of N.Y., No. 12 Civ. 4880 (ALC), 2013 WL 3783724 (S.D.N.Y. July 19, 2013) 4, 5
George v. Prof'l Disposables Int'l Inc., 221 F. Supp. 3d 428 (S.D.N.Y. 2016) ................. 5, 12
Geren v. Quantum Chemical Corp., 832 F. Supp. 728 (S.D.N.Y. 1990) .............................. 10
In re Halberstam, 219 B.R. 356 (E.D.N.Y. Bankr. 1998) ...................................................... 3
In re M. Fabrikant & Sons, Inc., 480 B.R. 480 (S.D.N.Y. Bankr. 2012). ............................ 14
In re Tribune Co. Fraudulent Conveyance Litig., No. 12-cv-2652 (RJS), 2017 WL
    82391(S.D.N.Y. Jan. 6, 2017) .................................................................................. 13, 14
Jimenez v. U.S. Bank Nat'l Assoc., No. 2:17-cv-00033 (ADS), 2018 WL 4954097 (E.D.N.Y.
    Oct. 11, 2018) .................................................................................................................. 3
Kim v. Ji Sung Yoo, 311 F. Supp. 3d 598 (S.D.N.Y. 2018) ................................................. 10
Krieger v. American Express Fin. Advisors, No. 98-CV-0782E(F), 2000 WL 207119 (W.D.N.Y.
    Feb. 16, 2000) .................................................................................................................. 3
Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010) ................................................... 7, 8
Lucchesi v. Experian Info. Sols., Inc., 226 F.R.D. 172 (S.D.N.Y. 2005) ............................... 8
Mares v. United States, 627 Fed. App'x 21 (2d Cir. 2015) .................................................... 4
McKibben v. Credit Lyonnais, No. 98 Civ. 3358 (LAP), 1999 WL 604883 (S.D.N.Y. Aug. 10,
    1999) ............................................................................................................................ 4, 5
MFS/Sun Life Tr.-High Yield Series v. Van Dusen Airport Servs. Co., 910 F. Supp. 913, 935
    (S.D.N.Y. 1995) ............................................................................................................. 13
O'Callaghan v. City of New York, No. 16 CIV. 1139 (ER), 2016 WL 7177509 (S.D.N.Y. Dec. 8,
    2016) ................................................................................................................................ 8
Osrecovery, Inc. v. One Grp. Int'l., Inc., 234 F.R.D. 59 (S.D.N.Y. 2005) ......................... 3, 4
Palatkevich v. Choupak, 152 F. Supp. 3d 201 (S.D.N.Y. 2016) ........................................... 8

Rayo v. State of N.Y., 882 F. Supp. 37 (N.D.N.Y. 1995) ------------------------------------------------- 8
Rosa v. TCC Commun., Inc., No. 15-cv-1665, 2007 WL 980338 (S.D.N.Y. March 13, 2007) - 12, 13, 14
RTC Mortgage Trust v. Sopher, 171 F. Supp. 2d 192 (S.D.N.Y. 2001) ----------------------------10
Safety-Kleen Systems, Inc. v. Silogram Lubricants, No. 12-cv-4849 (ENV)(CLP), 2013 WL 679963 (E.D.N.Y. Dec. 23, 2013) ------------------------------------------------------------------------ 9
Sharp Intl. Corp. v State St. Bank & Trust Co., 403 F.3d 43 (2d Cir 2005). ----------------------12
Siegel v. Converters Transp., Inc.,714 F.2d 213 (2d Cir. 1983) --------------------------------------- 7
Slayton v. Am. Exp. Co., 460 F.3d 215 (2d Cir. 2006) ------------------------------------------------- 7
Spinale v. United States, No. 03 Civ. 1704 (KMW)(JCF), 2005 WL 659150 (S.D.N.Y. Mar. 16, 2005) ---------------------------------------------------------------------------------------------------------- 3
Stochastic Decision, Inc. v. DiDomenico, 995 F.2d 1158 (2d Cir. 1993) -------------------------10
Tolchin v. County of Nassau, 322 F. Supp. 3d 307 (E.D.N.Y. 2018) ----------------------------- 3, 4
Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404 (S.D.N.Y. 2013) ---------------------- 3
Vincent v. Money Store, 915 F. Supp. 2d 553 (S.D.N.Y. 2012) ------------------------------------ 6, 7
Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007) ------------------------------------------- 4, 5

STATE CASES

172 Van Duzer Realty Corp. v. 878 Education LLC, 142 A.D.3d 814, 37 N.Y.S. 3d, 117 (1st Dep't 2016) -----------------------------------------------------------------------------------------------------10
A&M Glob. Mgmt. Corp. v. Northtown Urology Assocs., P.C., 115 A.D.3d 1283, 983 N.Y.S.2d (1st Dep't 2014)------------------------------------------------------------------------------------------ 13, 14
Caplan v. Winslett, 218 A.D.2d 148, 637 N.Y.S.2d 967 (1st Dep't 1996)-------------------------- 7
Fed. Dep. Ins. Corp. v. Porco, 75 N.Y.2d 840 (1990)-----------------------------------------------10
Ray v. Ray, 158 A.D.3d 578, 68 N.Y.S.3d 724 (1st Dep't 2018) ---------------------------------- 6, 9
Ray v. Ray, 108 A.D.3d 449, 970 N.Y.S.2d 9 (1st Dep't 2013) --------------------------------------14
Sanders v. Grenadier Realty, Inc., 102 A.D.3d 460, 958 N.Y.S.2d 120 (1st Dep't 2013) ---- 6, 8, 9
Schneider v. David, 197 A.D.2d 363, 602 N.Y.S.2d 130 (1st Dep't 1993). ---------------------- 6, 9

FEDERAL STATUTES

Fed R. Civ. P. 4 ------------------------------------------------------------------------------------------- 3
Fed. R. Civ. P. 12(b)(2) ------------------------------------------------------------------------------1, 2, 15
Fed. R. Civ. P. 12(b)(4) ------------------------------------------------------------------------------1, 2, 15
Fed. R. Civ. P. 12(b)(5) ------------------------------------------------------------------------------1, 2, 15
Fed. R. Civ. P. 12(b)(6) -------------------------------------------------------------------------------------15
Fed. R. Civ. P. 15 ------------------------------------------------------------------------------------- 1, 7, 8
Fed. R. Civ. P. 15(c) ---------------------------------------------------------------------------------------- 7, 8
Fed. R. Civ. P. 4(m) ---------------------------------------------------------------------------------------- 2, 5
Fed. R. Civ. P. 9(b) -----------------------------------------------------------------------------------------2, 10

## STATE STATUTES

CPLR § 203 ------------------------------------------------------------------------------------------------ 7
CPLR § 205 ------------------------------------------------------------------------------------------ passim
CPLR § 205(a) ------------------------------------------------------------------------------ 5, 6, 7, 8, 9
N.Y.D.C.L. ------------------------------------------------------------------------------------------ passim
N.Y.D.C.L. § 273 -------------------------------------------------------------------------------------- 1, 10
N.Y.D.C.L. § 275 -------------------------------------------------------------------------------------- 1, 10
N.Y.D.C.L. § 276 ---------------------------------------------------------------------------------- 2, 10, 12

**PRELIMINARY STATEMENT**

Defendant CR Ray ("Defendant" or "CR") submits this memorandum of law in further support of her motion to dismiss the Complaint of Plaintiff Ames Ray ("Plaintiff" or "AR") and in opposition to his cross-motion to re-serve (the "Cross-Motion") (ECF No. 27). AR's Opposition Memorandum of Law (the "Opp. Memo") fails to avoid dismissal of this third attempt to plead fraudulent conveyance claims against his ex-wife CR, makes claims that are legally ineffective and contradicted by or outside of the Complaint, and presents no basis for this Court to grant him leave to re-serve the Complaint due to defective and insufficient service.

The Opp. Memo confirms that AR served an unsealed and unsigned summons, without any valid excuse, thereby precluding leave to re-serve based on "good cause" or judicial discretion, and requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5) and denial of the Cross-Motion. AR's claims are also time-barred because CPLR § 205's savings provision does not apply where, as here, the Complaint (i) was not both filed and served within six months of dismissal of the prior action, and (ii) contrary to the Opp. Memo, does not arise out of the same transaction or occurrence as the prior complaint, but alleges a new set of transfers to new transferees (the "JDG Entities"), and "relation back" under Fed. R. Civ. P. 15 does not apply.

Also contrary to the Opp. Memo, the state court's dismissal of the prior action for failure to state a claim is entitled to preclusive effect where, as here, the Complaint relies on the same operative facts for its fraudulent conveyance claims under the New York Debtor & Creditor Law ("NYDCL"), despite changing the alleged recipient of the transfers to the unnamed JDG Entities.

To avoid dismissal for failing to properly plead claims under NYDCL §§ 273 and 275, AR both misstates the facts in the Complaint and improperly cites facts outside of it, and relies on pleading standards that are inoperable under Bell Atl. Corp. v. Twombly and Ashcroft v.

1

Iqbal to obscure that the mere recital of claim elements does not plead plausible claims. 550 U.S. 544 (2007); 556 U.S. 662 (2009). Nor can AR avoid dismissal by stating that these defectively pleaded claims raise fact issues. To avoid dismissal of his § 276 claim, AR misstates the standards under Rule 9(b) and improperly claims there are "badges of fraud," despite averring that: (i) the JDG Entities and CR had an arms-length business relationship, (ii) CR maintained no control over the funds allegedly transferred, and (iii) CR never admitted but rather always disputed her ex-husband's claims, and additionally makes claims of evasion that misstate or distort pleaded facts. Lastly, AR fails to refute that this Court has held that the NYDCL claims at issue cannot be properly stated against a transferor, such as CR.

## **ARGUMENT**

I. AR PRESENTS NO GROUND TO AVOID DISMISSAL DUE TO INSUFFICIENT SERVICE AND PROCESS AND LACK OF PERSONAL JURISDICTION AND THE CROSS-MOTION FOR LEAVE TO RE-SERVE SHOULD BE DENIED

    A. Service of Unsealed and Unsigned Summons Necessitates Dismissal of the Complaint

AR does not dispute that his request for a summons was rejected by clear ECF notices to re-file a corrected summons. (See Gordon Decl. ¶¶ 3-5; Watnick Decl. Ex. F).[1] AR's counsel admits not addressing these notices and serving the rejected unsealed and unsigned summons. (See Gordon Decl. ¶¶ 3-5.) Thus, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5), unless there are grounds to excuse such defective process and service. Coming after expiry of the six-month period in CPLR § 205 and the 90-day period in Fed. R. Civ. P. 4(m), AR does not present grounds for a "good cause" or discretionary leave to re-serve. Notably, AR's claim that serving an unissued summons is a mere "technical defect" that is often

---

[1] The Watnick Decl. refers to the Moving Declaration of Donald E. Watnick, Esq. (ECF No. 19); the Gordon Decl. refers to the Declaration of Rita Gordon, Esq. (ECF No. 29), submitted in opposition to the motion to dismiss and in support of the Cross-Motion.

2

overlooked is contrary to settled caselaw.[2]  See Osrecovery, Inc. v. One Grp. Int'l., Inc., 234 F.R.D. 59 (S.D.N.Y. 2005) ("failure to serve a summons constituted a flagrant disregard of Rule 4"); Jimenez v. U.S. Bank Nat'l Assoc., No. 2:17-cv-00033 (ADS), 2018 WL 4954097, at *6-11 (E.D.N.Y. Oct. 11, 2018).  Even AR's cited case DeLuca v. Access IT Group, Inc., 695 F. Supp. 2d 54, 64-65 (S.D.N.Y. 2010) notes that there is a split in this Circuit on this issue, which contradicts AR's minimizing of his service of a defective summons.  (Opp. Mem. at 22.)

Courts recognize that a plaintiff bears a "heavy burden of proof" to show good cause to re-serve a complaint after the time to do so has expired.  See e.g., Spinale v. United States, No. 03 Civ. 1704 (KMW)(JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005); Tolchin v. County of Nassau, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018).  As set forth in the Moving Memo (p. 11), good cause is found when a plaintiff shows that "service could not be made due to exceptional circumstances beyond his or her control."  Cassano v. Altshuler, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016); see also Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013).  AR presents no such circumstances; and his claim (Gordon Decl. ¶ 5) that he only corrected the separately rejected Civil Cover Sheet – but not the summons – evidences "inadvertence or neglect" and precludes any finding of "good cause."  Spinale, 2005 WL 659150, at *3; Tolchin, 322 F. Supp. 3d at 311.

AR's request that this Court exercise discretion to allow untimely re-service ignores that "[i]n this Circuit 'a district court *may* grant an extension in the absence of good cause, but is not

---

[2] The Opp. Memo (p. 22) cites (without explanation) inapposite cases that denied dismissals.  Durant v. Traditional Investments, Ltd., No. 88 CIV. 9048 (PKL), 1990 WL 33611, at *3-*4 (S.D.N.Y. Mar. 22, 1990) (defendant waited 10 months to move to dismiss); Krieger v. American Express Fin. Advisors, No. 98-CV-0782E(F), 2000 WL 207119 (W.D.N.Y. Feb. 16, 2000) (clerk rejected filing of complaint with facsimile signature of a pro se plaintiff unable to transport herself to the court; court granted motion to deem complaint filed and served nunc pro tunc); In re Halberstam, 219 B.R. 356, 359-60 (E.D.N.Y. Bankr. 1998) (defendant waived objection to unsigned summons by filing an answer/counterclaim and litigating case).

required to do so.'" Tolchin, 322 F. Supp. 3d at 311 (quoting Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007)) (emphasis in original). For a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." Zapata, 502 F.3d at 198; accord Mares v. United States, 627 Fed. App'x 21 (2d Cir. 2015) (leave to re-serve was properly denied in the absence of plaintiff's showing of a "colorable excuse" for his neglect in serving). Indeed, even if the balance of equities favor granting leave to re-serve (see Moving Mem. at 12; Opp. Mem. at 22-23), courts do not exercise discretion to allow re-service where, as here, the failure to serve the summons "appears to have been the result of inadvertence or mistake on the part of counsel." Osrecovery, Inc., 234 F.R.D. at 62; see also Gelb v. FRB of N.Y., No. 12 Civ. 4880 (ALC), 2013 WL 3783724, at *1-*2 (S.D.N.Y. July 19, 2013); McKibben v. Credit Lyonnais, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *10-12 (S.D.N.Y. Aug. 10, 1999); Tolchin, 322 F. Supp. 3d at 311.

AR's correcting the Civil Cover Sheet does not excuse his ignoring the separate notices rejecting the summons – including one after this correction – but shows inexcusable neglect. (See Gordon Decl. ¶ 5). As the docket sheet for this case shows, the error in the filing of the Civil Cover Sheet was independent of the error in requesting a summons. (Watnick Decl. Ex. F). On August 7, 2018, the Civil Cover Sheet was rejected due to lack of a signature and no proper alleged basis for jurisdiction. (Id.) Thus, correcting it did not remedy the defective summons, which was rejected in two separate ECF notices (August 7 and 8, 2018) due to the date field containing "scribble," instead of being left blank for the Clerk to complete. (Id.) Indeed, the second ECF notice rejecting the summons was issued one day after Plaintiff filed a corrected Civil Cover Sheet, thereby foreclosing any claim that the corrected Civil Cover Sheet remedied the defective summons or negated the need for it to be corrected. (See id.; Gordon Decl. Ex. C).

4

The Gordon Decl. (¶ 5) provides no explanation as to why the ECF notice as to the defective summons was ignored the day after the telephone call referred to about correcting the Civil Cover Sheet. Accordingly, the lack of diligence in monitoring the ECF notices as to the defective summons, along with the rules requiring service of a signed and sealed summons that was never issued, should foreclose granting leave to re-serve. As this Court has analogously stated repeatedly in denying leave to re-serve, "'[i]t is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.'" McKibben, 1999 WL 604883, at *4 (citation omitted); accord Gelb, 2013 WL 3783724, at *1; see also George v. Prof'l Disposables Int'l Inc., 221 F. Supp. 3d 428, 437 (S.D.N.Y. 2016) (recognizing a preference to resolve cases on the merits, but declining to allow re-service because "there is simply 'no acceptable explanation' for [plaintiff's] failures to attempt to serve . . . within the appropriate time period under Rule 4(m), or request an extension to do so.") (citations omitted).[3]

Nor does a balancing of other factors favor leave to re-serve. While the expiration of a statute of limitation can favor granting leave to re-serve, this Court has denied such relief when, as here, the failure to serve was a result of an attorney lack of diligence. See Gelb, 2013 WL 3783724, at *1-2; McKibben, 1999 WL 604883, at *4; see also Cassano, 186 F. Supp. 3d at 323. Further, "any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action . . ." Zapata, 502 F.3d at 198. The prejudice to CR -- and lack of prejudice to AR -- is punctuated because AR: (i) asserted NYDCL claims against CR in two prior dismissed actions, (ii) presents no basis to waive the requirement of CPLR § 205(a)

---

[3] Moreover, while Defendant moved to dismiss on October 26, 2018, before the 90-day period in Rule 4(m) expired, Plaintiff did not re-serve or seek leave to re-serve the summons until December 21, 2018 – over four months after filing this action and receiving ECF notices of the defective summons. (See Watnick Decl. Ex. F).

5

that a re-filed complaint be served within six months, and (iii) waited until the end of CPLR § 205(a)'s six-month period to file and attempt service. (See Watnick Decl. Ex. A-C).

AR's claims that CR concealed the defective service or participated in pre-trial proceedings are incorrect, if not nonsensical, as AR received repeated notice of these defects, including ECF notices rejecting his request for a summons, and by letter dated August 31, 2018, in which Defendant requested more time to respond to the Complaint and reserved "the right to assert defenses based on invalidity of process and service." (ECF No. 10). Nor did CR actively litigate this case when her counsel sent the foregoing letter, filed a notice of appearance, or requested a new date for a court conference based on the Court's request. (See ECF Nos. 13 and 15). Lastly, CR's actual notice of this action does not "cure an otherwise defective service." AICPA v. Affinity Card, 8 F. Supp. 2d 372, 377 (S.D.N.Y. 1998).

II. THE COMPLAINT IS TIME-BARRED AND SUBJECT TO DISMISSAL AND CPLR § 205 DOES NOT REVIVE AR'S CLAIMS

AR does not dispute that his NYDCL claims are subject to the six-year statute of limitations and time-barred unless saved by CPLR § 205, which applies only if the new action is both filed and served within six months of dismissal of the prior action. CPLR § 205(a). In addition to being untimely, AR fails to refute that CPLR § 205 does not otherwise apply.

A. AR Failed to Allege Claims Pursuant to Requirements in CPLR § 205(a)[4]

As set forth in the Moving Memo, and not disputed by AR, CPLR § 205(a) applies only when a plaintiff remedies pleading defects in a dismissed action by alleging claims arising out of the "same transaction[s] or occurrence[s]." See Vincent v. Money Store, 915 F. Supp. 2d 553

---

[4] CPLR § 205(a) also does not apply because it precludes re-pleading where there was "*a final judgment upon the merits*," and the 2014 Action dismissal for failure to state a claim qualifies as a final judgment on the merits. See Ray v. Ray, 158 A.D.3d 578, 579, 68 N.Y.S.3d 724 (1st Dep't 2018); Sanders v. Grenadier Realty, Inc., 102 A.D.3d 460, 461, 958 N.Y.S.2d 120, 121 (1st Dep't 2013) (prior action dismissal for failure to state a cause of action constituted a "dismissal on the merits"); Schneider v. David, 197 A.D.2d 363, 602 N.Y.S.2d 130 (1st Dep't 1993).

(S.D.N.Y. 2012). But, CPLR § 205 does not give a plaintiff free reign to assert entirely different allegations against new defendants. See Caplan v. Winslett, 218 A.D.2d 148, 154, 637 N.Y.S.2d 967, 971 (1st Dep't 1996) (CPLR § 205(a) did not apply because the prior action failed to mention the current defendants, and its separate allegations rendered the causes of action asserted "too tenuous to be considered emanating from 'the same transaction or occurrence'"). The Opp. Memo neither rebuts nor addresses caselaw in the Moving Memo (p. 14) holding that CPLR § 205(a) applies only when, unlike here, the new complaint is based on the same transaction(s).

Rather than correct the defects in the 2014 Complaint, AR impermissibly pleads new claims arising out of new transactions and occurrences. The Opp. Memo's claim (pp. 19-20) that these newly alleged transfers are the same but "more definite" as those in the 2014 Complaint is simply wrong. Indeed, as set forth in the Moving Memo (p. 15) and not refuted, the 2014 Complaint alleged three fraudulent transfers, including one to Guarnerius Management LLC ("GMLLC"), while this Complaint alleges an entirely new set of transfers to new transferees – the JDG Entities – and confirms that these transfers are dissimilar by pleading that the JDG Entities and GMLLC are distinct entities.

### B.  Fed. R. Civ. P. 15 is Not Applicable

The Opp. Memo (pp. 16-20) erroneously points to the "relation back" doctrine in Fed. R. Civ. P. 15(c) to justify pleading an entirely new set of transfers to a new transferee. However, Rule 15 is inapplicable and AR does not cite any authority applying it to CPLR § 205(a).[5]

The relation back rules of Rule 15(c) solely apply when a party seeks leave to *amend* a pleading in the context of a single action, rather than asserting entirely new claims in a

---

[5] AR relies on inapposite cases: in Buran v. Coupal, 87 N.Y.2d 173, 177, 661 N.E.2d 978 (1995), the court applied the Rule 15 relation-back doctrine to an amended pleading under CPLR § 203, not CPLR § 205, and neither Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010), Slayton v. Am. Exp. Co., 460 F.3d 215 (2d Cir. 2006) nor Siegel v. Converters Transp., Inc.,714 F.2d 213 (2d Cir. 1983) addresses CPLR § 205.

7

subsequent action.  See Fed. R. Civ. P. 15(c); Lucchesi v. Experian Info. Sols., Inc., 226 F.R.D. 172, 174–75 (S.D.N.Y. 2005).  An amended pleading "relates back" to the original pleading for statute of limitations purposes within the *same action*, but does not extend to any prior proceedings (such as the 2014 Action).  Palatkevich v. Choupak, 152 F. Supp. 3d 201 (S.D.N.Y. 2016) ("[Plaintiff] cannot, by filing a brand new lawsuit, 'relate back' his slander claim to the earlier, timely filed claims in a wholly separate lawsuit in a different court."); Rayo v. State of N.Y., 882 F. Supp. 37, 40 (N.D.N.Y. 1995) (amended federal pleading cannot relate back to prior state court action for statute of limitations purposes, but only to initial pleading filed with in federal court).  As Rule 15(c) does not apply to CPLR § 205(a), the Opp. Memo's lengthy analysis of "relation back" has no bearing on whether AR has complied with the statute, and does not avoid dismissal.[6]

III.   AR FAILS TO REBUT THAT THE COMPLAINT FAILS TO PLEAD ANY LEGALLY VALID FRAUDULENT CONVEYANCE CLAIM

A.   AR Fails to Avoid the Preclusive Effect of Prior Dismissals

The Opp. Memo's only response (p. 5) to dismissal based on *res judicata* and collateral estoppel is that the 2014 Action was not dismissed on the merits and thus cannot be given any preclusive effect.  However, dismissal for failure to state a claim does constitute a "judgment on the merits," thus barring subsequent suits based on the same operative facts.  See O'Callaghan v. City of New York, No. 16 CIV. 1139 (ER), 2016 WL 7177509 (S.D.N.Y. Dec. 8, 2016); Cameron v. Church, 253 F. Supp. 2d 611, 617, 620 (S.D.N.Y 2003); Sanders, 102 A.D.3d at 461, 958 N.Y.S.2d 120 (*res judicata* barred plaintiffs' claims because prior dismissal for failure to

---

[6] Even if Rule 15 applied, Plaintiff does not satisfy its requirements for relation back because he does not show that the JDG Entities had notice of the 2014 Action, or knew or should have known that they would have been named in the Action if not for Plaintiff's "mistake" concerning the proper party's identity.  See Krupski, 560 U.S. at 554, 557. The JDG Entities could not have been "on notice," as they were not named or identified as transferees in the 2014 Action and the Complaint does not allege that they were closely related to GMLLC, but rather claims that they were controlled by third parties.  (Watnick Decl. Ex. A, ¶¶ 15-16).

8

state a claim constituted a dismissal on the merits); Schneider, 197 A.D.2d at 363-64, 602 N.Y.S.2d 130 (dismissing complaint based on "same operative facts" as prior action dismissed for failing to state a claim). Here, the Appellate Division's ruling that upheld the lower court's dismissal of the 2014 Action for failure to state a cause of action established a final "judgment on the merits," barring AR from re-litigating these dismissed claims. See Ray, 158 A.D.3d at 578, 68 N.Y.S.3d at 724.

AR admits that his claims are based upon the same operative facts as those alleged in the 2014 Complaint – indeed, he takes this position in an effort to satisfy the requirements of CPLR § 205(a). While AR has now changed the identity of the transferees, the operative facts underlying his NYDCL claims – including as to insolvency, lack of consideration and intent to defraud -- repeat the same facts relating to CR's finances, communications with AR and CR mortgaging the apartment and transferring the proceeds.[7] (See Moving Mem. at 17-18).

B. AR Presents No Legal Basis for Claims Against a Transferor Such as CR

AR fails to refute that the Complaint also should be dismissed because the NYDCL claims cannot be asserted against an alleged transferor such as CR. AR barely distinguishes the supporting authorities cited in the Moving Memo (p. 16), but asserts they are "out of step" or should not be followed because some were decided on summary judgment motions, which, to the contrary, does not negate these rulings that, legally, a transferor is not a proper defendant.[8]

---

[7] Plaintiff also does not address that collateral estoppel separately compels dismissal where, as here, the operative elements of Plaintiff's NYDCL claims are the same as those pleaded in the 2014 Action, and the state court ruled that those allegations were legally insufficient. Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008); Coveal v. Consumer Home Mortgage, Inc., No. 04-CV-4755 (ILG), 2005 WL 2708388 (E.D.N.Y. Oct. 21, 2005).

[8] Plaintiff does not dispute that Safety-Kleen Systems, Inc. v. Silogram Lubricants, No. 12-cv-4849 (ENV)(CLP), 2013 WL 679963, at *9 n. 9 (E.D.N.Y. Dec. 23, 2013) ruled that NYDCL liability is limited "to individuals and entities who participated in and 'wrongfully received' such transfers," but claims it supports keeping a transferor as a party to obtain testimony. However, it contained no such ruling, and non-party testimony is subject to subpoena.

9

Moreover, this Court repeatedly has ruled that "[a] fraudulent conveyance claim seeking to recover money damages can only be maintained against a person who participates in the fraudulent transfer as either the transferee of the assets or the beneficiary of the conveyance." Fundacion Presidente Allende v. Banco de Chile, No. 05 CV 9771 (GBD), 2006 WL 2796793, at *3 (S.D.N.Y. May 29, 2006) (citing Stochastic Decision, Inc. v. DiDomenico, 995 F.2d 1158, 1172 (2d Cir. 1993)).  The Opp. Memo relies (pp. 20-21) on Fed. Dep. Ins. Corp. v. Porco, 75 N.Y.2d 840, 842 (1990), but ignores that it ruled that a NYDCL claim can only be stated against transferees or beneficiaries of a transfer.  Likewise, the Opp. Memo (p. 20) asserts that Geren v. Quantum Chemical Corp., 832 F. Supp. 728, 736-37 (S.D.N.Y. 1990), "correctly laid out" the law, but ignores that it did not hold that a transferor is a proper defendant in a NYDCL action.[9]  Thus, AR cannot avoid dismissal because a transferor, such as CR, is not liable under the NYDCL.

C. Plaintiff Fails to Rebut that the Complaint States No Legally Valid NYDCL Claim

1. Constructive Fraudulent Conveyance Claims are Insufficiently Pleaded

The Opp. Memo fails to establish the legal sufficiency of AR's claims under NYDCL §§ 273 and 275, but, instead, misconstrues the grounds for dismissal, the applicable legal standards, and proffers factual statements that are contradicted by and are outside of the Complaint.

The Opp. Memo (pp. 5-6) incorrectly asserts that CR seeks to apply Fed. R. Civ. P. 9(b) to AR's NYDCL §§ 273 and 275 claims, when the Moving Memo only seeks dismissal based on Rule 9(b) of the NYDCL § 276 claim.  AR also misconstrues the pleading standard for these

---

[9] The other cases the Opp. Memo cites (p. 21) do not hold that a transferor is a proper defendant. Cadle Co. v. Newhouse, No. 01 Civ. 1777 (DC), 2002 WL 1888716 (S.D.N.Y. Aug. 16, 2002), aff'd, 74 Fed. App'x 152 (2d Cir. 2003) (son liable under NYDCL where he received transfer from his mother, who was not held liable as transferor); Kim v. Ji Sung Yoo, 311 F. Supp. 3d 598 (S.D.N.Y. 2018) (rescinding fraudulent transfers and holding transferees liable, but not directing judgment against transferor); RTC Mortgage Trust v. Sopher, 171 F. Supp. 2d 192 (S.D.N.Y. 2001) (summary judgment against transferee);  172 Van Duzer Realty Corp. v. 878 Education LLC, 142 A.D.3d 814, 37 N.Y.S.3d, 117 (1st Dep't 2016) (denying dismissal of NYDCL claims against transferor, but not considering if a transferor was a proper defendant).

constructive fraudulent conveyance claims, and ignores that the Complaint must satisfy the plausibility standards set forth in Twombly, Iqbal and their progeny. See 550 U.S. at 544; 556 U.S. at 662. AR largely relies upon cases with a laxer standard that pre-date Twombly and Iqbal, and no longer apply or inapplicable state court or summary judgment rulings,[10] and fails to refute that the alleged claims are not plausible when the Complaint merely recites claim elements without supporting facts. (See id. at 6-7; Moving Mem. at 8-9, 19-22).

In claiming that his allegations of CR's insolvency are sufficient, AR cites facts outside of the Complaint as well as inapplicable cases. The Opp. Memo ignores cases cited in the Moving Memo (p. 19-20) which held that insolvency requires pleading facts as to how liabilities exceed assets, but instead asserts that insolvency is a fact issue – which ignores that insolvency still must be properly pleaded. Even more problematic is AR's citation of facts that he did not plead in the Complaint. Indeed, AR states in the Opp. Memo that CR "diverted her only asset," while the Complaint repeatedly alleges that the Apartment was her only asset known to AR (See e.g., ¶¶ 42, 57, 59, 62 and 82), which does not foreclose CR having other assets; seeks to recount a March 10, 2010 telephone call (fn. 11) with assertions that are not contained in the cited Paragraph 56 of the Complaint (or elsewhere); misquotes and misconstrues two affidavits that CR filed in the 2010 Action[11] (which the state court also dismissed), and states that CR knew she owed AR $974,000, despite CR disputing those debts (and a jury verdict validating her position). (See Opp. Mem. at 7; Watnick Decl. Ex. A).

---

[10] See Opp. Mem. at 6, fn. 8, 10, citing Chen v. New Trend Apparel, Inc., 8 F. Supp. 3d 406 (S.D.N.Y. 2014) (summary judgment decision).

[11] The Opp. Memo reliance on CR's February 2011 Affidavit fails to plead insolvency since CR having no work or income does not plead insolvency, which requires alleging that CR's liabilities exceeded her assets. (See Moving Mem. at 20, citing cases.) The Opp. Memo also misquotes CR's March 2011 Affidavit (¶ 32), which said that "Because Plaintiff at that time was depleted of assets . . ." The Opp. Memo's attributing that sentence and "depleted assets" to CR is wrong. (Opp. Mem. at 7, fn. 11; Watnick Decl. Ex. A, Ex. 17, 19).

The Opp. Memo's attempt to prop up AR's allegations of unfair consideration fails to refute that the Complaint's "swirl" of allegations do not suffice, but, once again, tries to avoid these deficiencies with the inapt contention that unfair consideration is a fact issue. (See Opp. Mem. at 7-10). Additionally, AR offers no factual basis as to how the Complaint plausibly pleads a lack of equivalent value for CR's transfer – which is one of the two elements of a lack of fair consideration. See e.g., Sharp Intl. Corp. v. State St. Bank & Trust Co., 403 F.3d 43, 53-54 (2d Cir. 2005). Regarding lack of good faith – the other required element -- AR once again cites facts that are not in the Complaint. AR's allegation in the Complaint (Watnick Decl. Ex. A, ¶ 56) that the Apartment was CR's "only substantial asset known to AR" does not equate with CR admitting, as stated in the Opp. Memo (p. 9), that she had no other money, and none of AR's cited paragraphs of the Complaint (¶¶ 56, 59-60) support this blanket statement. In short, the Opp. Memo does not refute that the Complaint's boot-strapping on allegations that CR owed AR money based on the dismissed 1998 Action is inadequate to plead legally viable claims. See George, 221 F. Supp. 3d at 449 ("This pleading standard 'does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (citation omitted).

2. NYDCL § 276 Claim is Insufficiently Pleaded

To avoid dismissal of his NYDCL § 276 claim, AR cites facts that are either outside of the Complaint, contradicted by cited documents, or are unremarkable conversations in which CR tried to persuade her ex-husband to stop pursuing baseless claims against her. Further, AR's reliance on Rosa v. TCC Commun., Inc., No. 15-cv-1665, 2007 WL 980338 (S.D.N.Y. March 13, 2007) to show the existence of "badges" is completely misplaced. (See Opp. Mem. at 11-14.)

In Rosa, a "close relationship" badge of fraud was based on the same two individuals creating, working as corporate officers, controlling the transferor and transferee entities, and

12

comingling funds and sharing offices and employees. Id. In contrast, the Complaint alleges (Watnick Decl. Ex. A, ¶¶ 8, 15-16) an arm's length relationship between CR and the JDG Entities – which paid CR for services and were controlled by third parties. See In re Tribune Co. Fraudulent Conveyance Litig., No. 12-cv-2652 (RJS), 2017 WL 82391, at *13 (S.D.N.Y. Jan. 6, 2017) (while transfer among family members gives rise to badge of fraud, transfer in arm's length business relationship does not); MFS/Sun Life Tr.-High Yield Series v. Van Dusen Airport Servs. Co., 910 F. Supp. 913, 935 (S.D.N.Y. 1995) (commercial relationship does not give rise to badge of fraud). Notably, The Opp. Memo's reliance (p. 4) on GMLLC and the JDG Entities sharing of attorneys is not even pleaded in the cited paragraphs 8 or 15 of the Complaint[12] or linked to the alleged transfers. (See Watnick Decl. Ex. A.) Further, the "knowledge of claims" badge in Rosa was based on the defendant's acknowledgment that the plaintiff would be paid contractually due amounts, while here, CR disputed AR's claims for 20 years and CR's alleged acknowledgements of her debts to AR were rejected by a jury verdict in the 1998 Action (Id. ¶¶ 36, 41).[13]

Nor can AR rely on, as the Court did in Rosa, that CR transferred her only asset with which to pay alleged claims. As noted, in contrast with the Opp. Memo (p. 7), the Complaint does not contain allegations that the Apartment or mortgage proceeds were CR's *only asset*, but that the Apartment was the only substantial asset *known to AR*, and also pleads that CR continued to own and have equity in it, owned GMLLC and was providing valuable services to the JDG Entities and others (Watnick Decl. Ex. A, ¶¶ 14, 15, 18, 57). Cf. A&M Glob. Mgmt. Corp. v. Northtown Urology Assocs., P.C., 115 A.D.3d 1283, 1289, 983 N.Y.S.2d 368 (1st Dep't

---

[13] In direct contrast to Rosa, AR has not pleaded that CR maintained control over any allegedly transferred assets, and thus cannot satisfy the retention of control badge. See In re Tribune, 2017 WL 82391, at *14.

13

2014) (transferred assets not the only assets by which Northtown could have satisfied its obligations to plaintiff).

The "course of conduct" badge in Rosa is based on plaintiff asking for and being denied an admitted contractual obligation.[14] Here, of course, the cited conversations involved a former spouse denying alleged claims, stating she would continue to defend them and trying to stop AR's decades-long pursuit. (See Opp. Mem. at 13-14; Watnick Decl. Ex. A, ¶ 56). As the March 2006 and March 2010 telephone calls[15] occurred during the midst of the 1998 Action, it is hardly fraudulent for a defendant to say she will not pay disputed claims. (See id.) AR also does not refute that, as set forth in the Moving Memo, the Complaint misquotes and takes out of context two affidavits that CR filed in the 2010 Action, but repeats misstatements therein. See Moving Mem. at 24-25; Opp. Mem. at 15).[16] Moreover, the Appellate Division, when presented with these affidavits, still dismissed the 2010 Action for failing to plead fraudulent intent. See Ray v. Ray, 108 A.D.3d 449, 970 N.Y.S.2d 9 (1st Dep't 2013).

Lastly, AR's attempt to avoid dismissal based on this Court's excusal of the Complaint's lack of detail about CR's alleged transfers disregards that recent cases have required dismissal where, as here, the dates and specifics of the transfers, including the names of the transferees, are not alleged. In re M. Fabrikant & Sons, Inc., 480 B.R. 480, 491 (S.D.N.Y. Bankr. 2012).

---

[14] This "badge" also requires allegations of a transfer outside of the regular course of business; yet, there are no such allegations that the JDG Entities and CR did so. In re Tribune, 2017 WL 82391, at * 15.

[15] The Opp. Memo's claim (p. 13) that CR stated during this March 2010 call that she had "tried to make AR whole by paying him every penny that she had" is not pleaded in the cited paragraph 68 of the Complaint or elsewhere.

[16] The Opp. Memo misstates Paragraph 51 of the February 2011 Affidavit, which relates to settlement conversations that AR improperly introduced during the 2010 Action. Contrary to the Opp. Memo, CR did not threaten that AR would not recover disputed debts, but stated she did not "have deep pockets" – an unremarkable statement in the course of settlement discussions. (See Opp. Mem. at 15).

14

## **CONCLUSION**

For the reasons set forth herein, and in previously filed papers, this Court should grant the motion to dismiss of Defendant Christina Ray, pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5) and (6), and deny Plaintiff Ames Ray's cross-motion for leave to re-serve in their entirety, together with such other and further relief as this Court deems just and equitable.

Date:   New York, New York
        January 24, 2019

                                                        LAW OFFICES OF DONALD WATNICK
                                                       By:  /s/ Donald E. Watnick
                                                             Donald E. Watnick
                                                      200 West 41st Street, 17th Floor
                                                      New York, NY  10036
                                                      (212) 213-6886
                                                      dwatnick@watnicklaw.com
                                                      *Attorneys for Defendant Christina Ray*